FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHIGTON

|  |  |  |
|---|---|---|
| MANETIRONY CLERVRAIN, ET AL | * | |
| | * | |
| VS. | * | CASE # 2:20-cv-00402-SAB |
| | * | |
| CHARLES P RETTIG, ET AL | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR CONSIDERATION AND COMPELLING IMPOSITION FINANCIAL BURDEN BY INVOKING THE ANT(S) MOVEMENT ACT ("TAMA")**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I. **COMES NOW**, the plaintiff, **Manetirony Clervrain**, Pro-Se, or ("The Activist") or ("The ANT"), or ("**Deportable Alien**"), as ("**First-Times Offenders**") who is being classified as dangerous individuals in concentration camps by restrictive means and excessive, and he is respectfully moves this honorable courts in his behalf and the ["***Protected Class***"] against the defendants across the country by participating in ["*Genocide*"] within the ("INA"), or by abusing immigrants by illegal practice or by violated their own criminal laws pursuant to 18 U.S.C 1091; 18 U.S.C 872; 18 U.S.C 873; 18 U.S.C 1592; 18 U.S.C 2340; 18 U.S.C 1341;18 U.S.C 1961 et seq; 18 U.S.C 2 or by exposing the plaintiff to illegal contracts or false imprisonment; Peonage; Torture ; and unlawful Criminal Restraint by Means of Physical and Mental Abused by excessive means Against the Activist that appears to be classified as ["*animal*"] within their Illegal Laws in violation of the ["*Administrative Procedure Act*"]; ("APA"); Freedom of Information Act ("FOIA") ["*The Patent Act*""], 35 U.S.C 1, et Seq and ["*The Copyright Act*"], 17 U.S.C. 1 *et seq* ...under 5 U.S.C

704; 5 U.S.C 551; 28 U.S.C 1343; 28 U.S.C 1330;28 U.S.C 1651 (a); 28 U.S.C 2101; 28 U.S.C 1361; 28 U.S.C 2241;28 U.S.C 1346 and By the Supreme court rule under 15.8; 18.1; 17.1 and 21 as well as Fed.R.Civ.P.15;23; 24; 26; 33; 38 ; 45; 57; 60(b); 65; ; Fed. R. App. P. 8; 15; 21; 23; 24.;40; 41 and for the issuance ordinance under Article I; II; III,Rule ; as a Model to prevent Unnecessarily Removal against Family Unity by means of favorable discretion when the evidence of the records is substantial without illegal detention; coercive by means of violating Congressional intent within the Immigration and Nationality Act ("INA") 8 U.S.C 1101 et Seq…..Which demonstrate congress intent in light of the circumstances for the enactment of ["***The Ant Movement Act***"]("TAMA") merely to check the judicial discretion in the exercise of the permitted mercy in finding mitigating circumstances for the ["***Prohibition Financial burden Act***"]("PFBA") In other words With the challenge that the ("BIA") failure to evaluate the evidence for being targeted or framed is a matter of facts if that they are part of Criminal enterprise or we question the agencies for justification on the claims as that the cases presents with an unequivocal demands for evaluating the facts de novo review for such conspiracy in the present case, of course, Congress has spoke clearly within the circumstances sufficiently substantial to call for leniency as long as the testimony is substantial on its face;

1) On his motion filed to his case [ 20-CV-00122], entitle [***"Motion for opposition as Related Matters for controversy by invoking the ant Fair practice Act"***] (TAFLA) as additional evidence;

2

2) By the defendants restriction caused the plaintiff the delaying the procedures of the courts testimony is credible as a matter of law only if it relates to facts that the witness could possibly have observed; or;

3) To the events which could have occurred under the laws of nature if the defendants had never acted in such behavior to cause the plaintiff of his constitutional protected right by the first amendment;

a) On or about June, 29 2020 the court sent an order by alleging that the plaintiff had violated section 1915(g) of the (PLRA) while in (ICE) custody illegal detention or contradiction with congress intent;

b) If the restriction by (ICE) and MDC imposed financial burden to mail his motions to various courts across the country that will be impossible to follow courts orders, or to litigate controversies;

c) Because of the defendants are retaliating against him because of his allegation, and the pending complaint is currently preparing and the limitation on law library is another issues making for questioning;

d) As such the failure is not his fault, if the MDC and (ICE) has not known that congress has not enacted law to allow them to punish an activist that is intention is to shed the light of such extensive;

e) Of the conspiracy was an agreement among the defendant employees or contractors to conspiring by conceal their fraud by any means of restrictive policies or regulation that the force of the violations;

f) For the purpose to keep the trade secretively across the country, and intimidating him by illegal detention As the evidence will prevail the action had caused that the severe pain or suffering be imposed

g) By their practice theory control against a civil detainee, if consider the psychological hardship and mental anguish he would experience as a torture victim impose new duties or liabilities on defendants;

1) For certain specified purposes "such . . . as obtaining, or to stop his litigation . . . or a confession, . . . *or intimidating* by means of illegal restriction is subject to review against the defendants;

2) As addition evidence for mass Deportation, and the court is required to assess the filing fees against a ["*Prisoner*"], and not civilian, but (ICE) official treated the plaintiff like one or as the objective;

3) The plaintiff ask the courts if it should compel the defendants to allowing to litigate to his cases or to prove that all the time while in custody he was a victim of criminal activities or violation of criminal law;

4) The clerk must ask them the reason that he is being restricted to $ 25 dollars for the various cases if not more than 100 cases that certainly can not fulfill such obligation unless they have legitimacy

5) Of Such policy that congress enacted to enact to restrict activist to shed the light of the criminal enterprise involved the used of illegal detention and coercive tactics used to forestall deportation;

6) Of course the court must compel the agencies to to explain why he should be restricted to make copies, which will be contradicted with his case with case [20-CV-348] for the district of Michigan;

7) As the court has granted to pursue (IFP) to prove his cases, and to served the defendants without restriction, and the court also said that any pleading must be served to the defendants at the government

8) Of expenses, and the defendants partners is interfering with the various courts order or under threat of contempt, should be treated as part of the plaintiff injury in facts for permanent injunction;

a) The plaintiff ask the court if the law allowing ["*Mr.McComes*"] to restrict him to papers, or envelopes, or even priority mail so that he could track his mail for future mail fraud practice by technicality;

5

b) At the various institution when was at the (BOP) facility because of his movement, and for the defendants to explain what law giving the above individuals to retaliate because of his right to litigate;

c) of course 25 pages of papers can not ligate over 100 cases across the country , and the evidence will prevail that the office will have provide him certain amount, and pending complaint if more;

d) Because the court has granted the plaintiff (IFP) ,we ask if the (USMS) must intervene in such serious criminal violation by (MDC) for the purpose to prolong his illegal detention by imposing;

1) Of their personal misconducts that is simply requires an inquiry into whether the impermissible motive was a "but for" cause of the challenged decision And the same multiple-motive analysis

2) That is applying in the equal protection of liberty or purports to sanction any particular limitation on the liberty of the plaintiff to access the courts under circumstances comparable to those here.

3) In the context of an equal protection action, an exceedingly persuasive no justification is established by showing at least that the restriction on his mailing serves important governmental objectives;

## **PRAYER FOR RELIEF**

**WHREFORE**, the plaintiff, ["*Manetirony Clervrain*"] prays this honorable courts issue an order for ["*Marshall Service*"] and for the defendants to served all the courts and for the terminating his removal procedure while establishing evidence or litigating his cases for the vacatur of his conviction within his pending ["*Motion for International Extraordinary by Questioning the Ants Criminal Massive Issues for Genocide Reform Act*"] (MIGRA), of course the motion stating factual allegations upon reliefs can be granted, including evidence for the courts to open a new case for criminal investigation against each prison in contract with the defendants for extortion, but (MDC) is interfering with his rights to litigate his claims that the defendants are anticipating in a extensive conspiracy that required justification against genocide and his conviction is not aggravated felony within the scheme Act and presenting evidence that he met all requirement for public ceremony or in other word a ["**U.S National**"] unless the government can prove that where in the ("INA") excluding Minor criminals or traffic violations certain rights and privileges and any other relief's the court might find just and proper.

Respectfully Submitted

**s/ Manetirony Clervrain**

Tuesday, June 30, 2020

**Manetirony Clervrain**
BKN: 19001382
**MOORE DETENTION CENTER ("MDC")**
111 S. ALABAMA STREET
OKMULGEE, OK 74447

### *Note*

This courts must review the case along with his case in the Mississippi courts[ 17-CV-00089] as part of the same controversy for compelling for which the defendants are also collectively liable for all claims as required by the act of congress. <u>United States v. Public Utilities Commission</u>, 345 U.S. 295, 314, 73 S. Ct. 706, 717, 97 L. Ed. 1020 (1953

8

## CERTIFICATION OF SERVICES

**THEREBY**, The plaintiff [*"Manetirony Clervrain"*] or the Activist requesting justice, and does swear, or declare on this date 08/09/2020 served the enclosed [*Motion(s) for consideration and compelling imposition financial burden by invoking the Ants movement Act*] (TAMA) on each party to above proceeding and envelop containing the above documents in the united states addresses to each of them and first class postage or by delivery to a third party commercial carried for delivery to ;

**United States District Court**
**Eastern District of Washington**
920 West Riverside Avenue
Spokane, WA 99201

Respectfully Submitted

**s/ Manetirony Clervrain**

Monday, June 22, 2020

**Manetirony Clervrain**
BKN: 19001382
**MOORE DETENTION CENTER ("MDC")**
111 S. ALABAMA STREET
OKMULGEE, OK 74447

*Note*

*In such a situation where the restriction is effecting the process of the litigation and of courts he could not serve the defendants to show cause as required by the rule of the courts .Greenwood v. State of New York, 842 F.2d 636, 639 (2d Cir. 1988)*